09-4473-cv
Smith v. NYCHA

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Pearline Smith*,*
> *Plaintiff-Appellant*,

-v.-                                                          09-4473-cv

NYCHA,
> *Defendant-Appellee*.

_____

FOR APPELLANT:          Pearline Smith, *pro se*, New York, New York.

FOR APPELLEES:          Samuel Veytsman, Of Counsel, Sonya M. Kaloyanides, General Counsel, New York City Housing Authority, Donna M. Murphy, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Pearline Smith, *pro se*, appeals from the September 25, 2009 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) dismissing her amended complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because in her amended complaint Smith asserted that she was raising claims under the "disability Act," the district court should have considered whether she could state a claim for relief under the Americans with Disabilities Act ("ADA") in addition to the Fair Housing Act ("FHA"). However, remand is not necessary because, as discussed below, Smith failed to state a claim under either statute. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record.").

The FHA and the ADA impose similar anti-discrimination standards for persons who suffer from disabilities and, due to their similarities, can be analyzed "in tandem." *See Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 573 n.4 (2d Cir. 2003). Under both statutes, a plaintiff "may proceed under any or all of three theories: disparate treatment, disparate impact, and failure to make reasonable accommodation." *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown ("RECAP")*, 294 F.3d 35, 48 (2d Cir. 2002). In this case, despite being advised by the district court that she must "allege how the disrepair in her apartment or her

2

building relate[d] to her disability," the majority of Smith's allegations were unrelated to her purported disabilities and, therefore, cannot serve as a basis for a claim of disability discrimination.

As to the allegations which Smith connected to her claimed disabilities, Smith's amended complaint failed to raise a disparate treatment claim. "To establish a prima facie case of discrimination under the FHA and the ADA, the plaintiff[] must present evidence that animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive." *RECAP*, 294 F.3d at 49 (internal quotation marks and citation omitted). Smith has failed to identify any prohibited motive attributable to the New York City Housing Authority ("NYCHA"), or contended that the conditions in her apartment were a result of disability discrimination. Moreover, the majority of the complained-of conditions existed in the entire building, and Smith did not allege facts suggesting that NYCHA failed to properly maintain the building due, in any part, to discriminatory animus. Smith did not allege that NYCHA failed to provide needed repairs in her apartment because she was disabled, or that NYCHA responded differently to the maintenance requests of non-disabled tenants. Because Smith has not alleged that discriminatory animus was a factor, much less a "significant factor," in NYCHA's alleged failure to maintain the apartment building and Smith's apartment, she failed to state a claim for intentional discrimination. *Cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-50 (2009) (in *Bivens* action, finding plaintiffs were required to "plead sufficient factual matter to show that petitioners adopted and implemented the detention policies at issue not for a neutral, investigative reason but for the purpose of discriminating on account of race, religion, or national origin").

3

While a disparate impact claim does not require the plaintiff to show intent, Smith is unable to assert a claim under a disparate impact theory because she has not identified a facially neutral policy that has a discriminatory effect. *See Tsombanidis,* 352 F.3d at 574-75 (finding that "[d]isparate impact analysis focuses on facially neutral policies or practices that may have a discriminatory effect" and a plaintiff must at least identify an "outwardly neutral practice[]" (internal quotation marks and citation omitted)). Further, Smith is unable to proceed on a reasonable accommodation claim because she has not alleged that she requested an accommodation that was denied. *See id.* at 578 ("To prevail on a reasonable accommodation claim, plaintiffs must first provide the governmental entity an opportunity to accommodate them through the entity's established procedures used to adjust the neutral policy in question.").

We have considered all of appellant's arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
